CASE 21—ORDER OF REMOVAL—SEPTEMBER 9.

# Smith v. Commonwealth and Robert Cochran.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. NO LAW SHALL RELATE TO MORE THAN ONE SUBJECT, AND THAT SHALL BE EXPRESSED IN THE TITLE. — "An act to separate the offices of commissioner and receiver of the Louisville Chancery Court, and to provide for the appointment of said officers, and to define their duties, and to fix the fees of the commissioner," approved February 28, 1871, *is held to be constitutional.*

2. The second section of said act, which provides that the receiver and commissioner shall be removed at the pleasure of the court, and the eighth section providing that all laws in conflict with this act are hereby repealed, are held not to be in conflict with that provision of the constitution which provides that no law shall relate to more than one subject, and that shall be expressed in the title.

3. None of the provisions of a statute should be regarded as unconstitutional where they all relate directly or indirectly to the same subject, have a natural connection, and are not foreign to the subject expressed in the title. (Phillips v. Covington and Cincinnati Bridge Company, 2 Metcalfe, 219.)

4. THE CHANCELLOR HAS POWER TO REMOVE THE COMMISSIONER SUMMARILY.—The power to remove the commissioner, which was taken from the chancellor by the act of 1865, was restored to him by the act of February 28, 1871.

5. THE OFFICE OF COMMISSIONER OF THE LOUISVILLE CHANCERY COURT is a mere creature of the legislature, and subject to be abolished at any time.

I. & J. CALDWELL, . . .
MUIR & BIJUR, . . . . . . . . . . For Appellant,
BULLOCK & ANDERSON,

CITED

Act of June 3, 1865, Session Acts, chapter 1838, page 141.
Act of March, 1870, 2 Session Acts, chapter 786, page 449.
Act of February 28, 1871.
Sedgwick on Statutory and Constitutional Law, 190.
Constitution of Kentucky, section 37, article 2.

Smith v. Commonwealth and Robert Cochran.

3 Statute Laws, 1835, title 35, page 157.

7 Connecticut, 451, United Society v. Eagle Bank.

2 J. R. 235, page 744, Rogers v. Bradshaw.

15 Barbour, 621, Ruford v. Knight.

12 Texas, 399–402, Cannon v. Vaughan.

2 Bibb, 80, Commonwealth v. English.

2 Bibb, 96, Adams v. Ashby.

5 Monroe, 157, Wallace v. Young.

2 Exchequer Reports, 22, Moon v. Dunson.

7 J. R. 477, Dash v. Van Bleek.

2 Hill, 238, Johnson v. Burrett.

26 Mississippi Reports, 270, Boyd v. Barrenger.

2 Alabama Reports, new series, 33, Wammack v. Halloway.

2 Blackstone's Commentaries, 36, 263.

4 Bacon's Abridgment, office I. S. 297.

2 Duvall, 480, O'Donoghue v. Akin.

THOS. B. FAIRLEIGH, . . . . . . . . For Appellee,

CITED

15 B. Monroe, 48, Maysville & Lexington T. P. R. Co. v. Punnett.

3 Dana, 600, Isaacs v. Taylor.

2 Bibb, 556, Piatt v. Alloway.

4 Metcalfe, 236, Applegate v. Applegate.

2 Duvall, 440, Standeford v. Wingate, &c.

2 Metcalfe, 221, Phillips v. Covington & Cincinnati Bridge Co.

2 Metcalfe, 168, Louisville & Oldham Turnpike R. Co. v. Ballard.

3 Metcalfe, 569, Johnson v. Higgins.

1 Duvall 145, Gibson v. Belcher.

Act of February 28, 1871, Session Acts, chapter 1377.

Constitution of Kentucky, section 37, article 2.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

An act of the legislature, passed at its last session, relating to the offices of commissioner and receiver of the Louisville Chancery Court, reads as follows: "An act to separate the offices of commissioner and receiver of the Louisville Chancery Court, and to provide for the appointment of said officers, and to define their duties, and to fix the fees of the commissioner." The second section of this act provides that the commissioner and receiver shall be removable at the pleasure of the court. The seventh section of the same act provides that "once in

every four years the court shall appoint a commissioner for said court, who shall take the oath required by law," etc. Section 8 of this act is as follows: "All laws in conflict with this act are hereby repealed, and this act shall take effect from its passage." At the time of the enactment of this law the appellant, Thomas Smith, was the acting commissioner of the court, under an appointment made by virtue of the following law passed by the legislature and approved June 3, 1865. This law reads: "That upon the election and qualification of each succeeding judge of said court he shall appoint a commissioner and receiver thereof for his said term, who shall first be recommended to him in writing and signed by a majority of the resident practicing attorneys of said court, and none other shall be deemed qualified for said office under this law."

Appellant was made commissioner, and in August, 1868, gave bond and qualified under this law. The legislature at its session in the winter of 1870 amended the act approved June 3, 1865, so as to confer upon the chancellor the power to remove the receiver of the court *ad libitum;* and the second section of this amendatory act declares "that this act shall in nowise affect or abridge the right of the present incumbent (the appellant) to hold the office of commissioner in chancery of said court for and during the term for which he has been elected and qualified."

The chancellor, under and by virtue of the second section of the act approved February 28, 1871, by an order of his court made March 10th, removed the appellant from his office of commissioner. The order reads: " It is now ordered that Thos. P. Smith be and he is hereby removed from the office of commissioner of the Louisville Chancery Court, and it is further ordered that Robert Cochran be and he is hereby appointed commissioner of said court in room of said Smith removed; and thereupon came Robert Cochran and qualified

as commissioner. And it is further ordered that the marshal of this court do at once put said Cochran, commissioner aforesaid, in possession of the rooms in the court-house set apart for the use of the commissioner."

Appellant appeared in court at the time this order was made and entered his objections; and the same were overruled, to which he excepted. He then moved the court to set aside the order, and offered to prove on the hearing of this motion by the records of the court his appointment as commissioner, and his readiness and ability to discharge the duties of the office. The evidence was rejected, the motion overruled, and the case is now brought to this court for revision.

The appellant insists that the act approved in February, 1871, is *unconstitutional* if construed to affect him in his office; that the second section of this act, which provides that the receiver and commissioner shall be removed at the pleasure of the court, and the eighth section of the same act, providing that all laws in conflict with this act are hereby repealed, are inconsistent with the title of the act, and in violation of that provision of the constitution providing "that no law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title."

One of the principal objects of this constitutional prohibition was to prevent a species of litigation in the procurement or enactment of local or general laws looking to the advancement of individual interests, or reflecting peculiar views of the public welfare, by inserting in the same legislative enactment subjects entirely foreign to the subject expressed in the title. Such legislation would result in great injury, and the advancement of private interests at the sacrifice of the public good; but while this kind of legislation should be discountenanced, no unnecessary restriction should be placed on legislative action, except so far as may be required to sustain this provision of the constitution.

The act in question is entitled "An act to separate the offices of receiver and commissioner of the Louisville Chancery Court, and to provide for their appointment and define their duties," etc. The two offices, it is true, are distinct; still they constitute a part of the same judicial tribunal, viz., the Louisville Chancery Court, and this legislation applies to that court. The power of removal contained in the second section of the act and the repealing clause of the same act have a natural, and it might be added a direct, connection with the subject expressed in the title. This court, in the case of Phillips v. The Covington and Cincinnati Bridge Company (2 Met. 219), say "that none of the provisions of a statute should be regarded as unconstitutional where they all relate, directly or indirectly, to the same subject, have a natural connection, and are not foreign to the subject expressed in the title." The act is constitutional, and to decide otherwise would be an encroachment upon legislative power without remedying the evil this clause of the constitution was enacted to prevent.

The appellants also insist that the act of 1871 does not confer upon the chancellor the power of summary removal during the time for which he was appointed commissioner. The Louisville Chancery Court was created in the year 1835, and by the act organizing the court the chancellor appointed his commissioner, who held it at the will and pleasure of the court. The legislature saw proper in 1865 to *limit* the power of the chancellor in this regard, and prohibited an appointment by him without the recommendation of a majority of the practicing attorneys of that court, and also divested him of the power to remove from office.

The constitutionality of the act of 1865, as well as the power of the legislature to change the mode of appointing the office of commissioner, has already been determined by this court in a former controversy between the same parties touching this office. In that opinion this court say: "The

power to make the change contemplated by the fifth section of the act of 1865 we do not doubt, and that the chancellor had only a supervisory power over the commissioner, with no right to deprive him of his office." In the exercise of this power the legislature, in March, 1870, amended the act of 1865 so as to authorize the chancellor to remove the receiver of the court when he saw proper; and by section 7 of this amendatory act enacted "that this shall in nowise affect or abridge the right of the present incumbent to hold the office of commissioner during the term for which he has been elected and qualified."

All the legislation in regard to this office, and mentioned in the various acts referred to, and prior to the act of February, 1871, has been sanctioned as legal by this court, and by reason of these enactments the appellant was holding this office up to the 10th of March, 1871, when the order was made removing him. All the acts in relation to the appointment of commissioner passed prior to February, 1871, were expressly repealed by the latter act, and the power theretofore taken from the chancellor to remove his commissioner restored to him. This repealing clause left no law in existence prohibiting the chancellor from exercising this power. It is conceded that, in order to ascertain the effect of the act of 1871, all of the acts on this subject should be construed with reference to each other, and when so construed there is no doubt but what the legislature intended by the act of 1871 to give to the court at once this power of removal.

The cause of this frequent legislation in regard to this office can not be inquired into by this court.

The business and social relations existing between the chancellor and his commissioner when disturbed necessarily affects the efficiency of both in the discharge of their official duties; and hence the necessity of so organizing such a court as to vest the chancellor with a discretionary power in the

appointment and removal of such officer. Unfriendly relations between the chancellor and his commissioner would retard the administration of justice.

Had the legislature intended that the appellant should remain in office, the same clause would have been enacted in the act of 1871 that was enacted in the act of 1870, prohibiting the chancellor from removing him. The act of 1870 is not repealed by implication, but expressly repealed, and for the purpose of giving the chancellor the same control over his commissioner that he had under the organization of the court in the year 1835. The office is a mere creature of the legislature, is subject to be abolished at any time, and the right of that body to change the relation between the chancellor and commissioner has been exercised so often in this case, and its action sanctioned by this court, that it is too late now to question the power. This power was exercised by the repealing clause of the act of 1871; and the chancellor had the undoubted right to remove the appellant from office. And we can well see where the removal of such an officer might become necessary to facilitate the administration of justice.

The judgment is affirmed.